UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT D. BOEHRINGER and
DEBORAH JO BOERHINGER,                 18cv920 (WWE)
    Plaintiff,

v.

SMITH & NEPHEW, INC. , JOHN M. KEGGI,
M.D., and ORTHOPAEDICS NEW ENGLAND,
    Defendants.

### RULING ON PLAINTIFFS' MOTION TO REMAND AND FOR ATTORNEYS' FEES AND DEFENDANT'S MOTION TO SEVER

This case stems from an allegedly defective medical device implanted in plaintiff Robert Boehringer that was assertedly designed, constructed, manufactured and sold by Smith & Nephew, Inc. Plaintiffs Robert and Deborah Boerhinger allege claims pursuant to the Connecticut Product Liability Act ("CPLA") against Smith & Nephew.; plaintiffs also state common law claims based on lack of informed consent against Dr. John Keggi and Orthopaedics New England.

Defendant Smith & Nephew removed this case on the basis of diversity jurisdiction and federal question jurisdiction. Plaintiff has filed a motion to remand and for attorneys' fees incurred in connection with the

1

motion to remand. Defendant Smith & Nephew has filed an opposition and a motion to sever. For the following reasons, the motion to remand will be granted, although the request for attorneys' fees will be denied. The motion to sever will be denied without prejudice.

## DISCUSSION

Removal jurisdiction must be strictly construed and enforced in favor of state court jurisdiction because the federal courts are courts of limited jurisdiction, and because removal of a case implicates significant federalism concerns. Villano v. Kohl's Dept. Stores, Inc., 362 F. Supp. 2d 418, 419 (S.D.N.Y. 2005). The removing party bears the burden of establishing the propriety of the removal. Miller v. First Security Investments, Inc., 30 F. Supp. 2d 347, 350 (E.D.N.Y. 1998). Unless the balance is strongly in favor of defendant, plaintiff's choice of forum should rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). Removal jurisdiction is evaluated according to the pleadings existing at the time the petition for removal was filed. Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57-58 (2d Cir. 2006).

Diversity Jurisdiction

Defendant Smith & Nephew's removal on the basis of diversity

jurisdiction presumes that plaintiff fraudulently joined non-diverse defendants Dr. Keggi and Orthopaedics New England in order to defeat diversity. A plaintiff may not defeat diversity jurisdiction by joining a non-diverse defendant with "no real connection with the controversy." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-1 (2d Cir. 1998). Defendant must demonstrate by clear and convincing evidence that a fraud has been committed in plaintiff's pleadings or that there is no possibility, based on the pleadings, that a cause of action can be made against that defendant in state court. Id. at 461. All uncertainties in applicable state law are resolved in favor of plaintiff, and the complaint is subjected to a "less searching" scrutiny than a motion to dismiss for failure to state a claim. Campisis v. Swissport Cargo Servs., L.P., 2010 WL 375878, at *2 (E.D.N.Y. Jan. 26, 2010).

The complaint alleges that on July 20, 2010, plaintiff Robert Boehringer underwent bilateral hip replacement surgery at Waterbury Hospital performed by Dr. Keggi, with continuing care through at least 2018. The complaint asserts that Dr. Keggi implanted various medical products that had been designed manufactured, remanufactured, tested and or sold by defendant Smith & Nephew.

3

In Count Three against Dr. Keggi and Orthopaedics New England, the complaint alleges that Robert Boehringer was under the care, treatment and supervision of defendants; and that his injuries were caused by "failure to properly disclose the risks of implantation of the Liners, including their propensity to fracture inside the body of plaintiff, subsequent to their recall by the co-defendant, Smith & Nephew, and, as a result of Dr. Keggi's ongoing experience with similar liners in other patients."

A claim for lack of informed consent derives from the right against bodily intrusions underlying intentional torts of assault and battery. See Sherwood v. Danbury Hosp., 278 Conn. 163, 180 (2006) ("Every human being of adult years and sound mind has a right to determine what shall be done with his own body; and a surgeon who performs an operation without his patient's consent, commits an assault, for which he is liable in damages.")  With regard to informed consent claims, the Court's inquiry is limited to whether the physician has disclosed the nature of the procedure to be performed upon the patient, the risks and hazards of that procedure, the alternatives to the procedure, and the anticipated benefits of that procedure.  Macamaux v. Day Kimball Hosp., 2011 WL 4352007, at *8 (D. Conn. Sept. 16, 2011).  The duty to inform does not fall upon a referring

4

physician but rather upon the physician performing the procedure. <u>Fajardo v. Boston Scientific Corp.</u>, 2018 WL 4200284, at *5 (Conn. Sup. Ct. August 15, 2018). Plaintiffs argue that the Dr. Keggi owed a continuing duty to the plaintiff Robert Boehringer commensurate with his specialized knowledge and experience with the defective product during his eight years of treating of plaintiff. Under the continuing course of treatment doctrine that tolls the statute of limitations, a physician, who committed an initial wrong upon the plaintiff, owes a continuing duty to the plaintiff that is related to the alleged original wrong, and engages in wrongful conduct in breach of that continuing duty. <u>Witt v. St. Vincent's Medical Center</u>, 252 Conn. 363, 375 (2000). For purposes of considering whether plaintiffs have fraudulently joined the non-diverse defendant, the Court cannot find that there is no possibility based on the pleadings that plaintiff can state a cause of action for lack of informed consent based on the facts alleged.

Although defendant asserts that Dr. Keggi's office notes belie the assertion of a lack of informed consent claim, the Court's review of such evidentiary materials requires inquiry into the broader context of such notes and is more appropriate for consideration on a motion for summary judgment. Accordingly, the Court cannot find that diversity jurisdiction

exists due to fraudulent joinder of the non-diverse defendants.

Federal Question Jurisdiction

Federal question jurisdiction may be invoked even where a complaint does not allege a federal cause of action (1) if Congress expressly provides by statute for removal of state law claims; (2) if the state law claims are completely preempted by federal law; and in certain circumstances, (3) if the vindication of a state law right necessarily turns on a question of federal law. Gunn v. Minton, 568 U.S. 251, 257-258 (2013). Defendant maintains that the complaint raises a federal question consistent with the third circumstance contemplated by Gunn, which applies only if the federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Id. at 1065.

In the instant case, the state product liability claims of the medical device implicate federal standards, regulations and approval requirements relevant to medical devices. The complaint specifically alleges violations of the Food and Drug Administration's manufacturing specifications and standards. Accordingly, the Court finds that the complaint necessarily raises a federal issue that is disputed by the parties.

Relevant to the substantiality requirement, the Court must consider whether the federal issue raised is important to the "federal system as a whole," and not merely significant to the instant litigating parties. Id. at 1066. A "substantial federal issue" implicates "a serious federal interest in claiming the advantage thought to be inherent in a federal forum." See Dovid v. U.S. Dep't of Agric., 557 Fed. Appx. 87, 90 (2d Cir. 2014) (finding no substantial federal issue where determination was based on fact-specific application of federal regulations without implicating regulations themselves.)

The instant case fails to satisfy the substantiality prong. The state court analysis of the federal regulations and standards relevant to plaintiff's state product liability claims will require a fact-specific analysis of those regulations and standards that will be "unlikely to substantially impact the federal system" or "medical device manufacturers nationwide." Mihok v. Medtronic, Inc., 119 F. Supp. 3d 22, 31-34 (D. Conn. 2015). By deciding not to preempt parallel state law claims completely, Congress approved of limited state court analysis and application of the FDA regulations. Id. at 32. Accordingly, the Court finds that the federal issue raised by the complaint does not confer federal question jurisdiction. See Robb v. Baer

Healthcare, LLC, 2016 WL 7235708, at *4 (E.D. Mo. Dec. 12, 2016) ("As held by other courts, accepting federal jurisdiction in a medical device products liability case such as this would disrupt the federal-state balance contemplated by Congress.")   The motion for remand will be granted.

Motion to Sever

Defendant requests severance of the product liability claims from the lack of informed consent claims.   Defendant argues that these claims do not arise out of the same occurrence.   The Court will leave the administration of this case to the state superior after remand.   The motion to sever will be denied without prejudice.

Request for Attorney Fees

Plaintiffs have requested that the Court exercise its discretion to award them their attorneys' fees and costs in connection with the motion to remand.   However, the Court finds that the removal was not made in bad faith or for an improper purpose.   See Agapov v. Negodaeva, 93 F. Supp. 2d 481, 484 (S.D.N.Y. 2000) (attorney fees not warranted in absence of bad faith and frivolous basis for removal).   Accordingly, the request for attorneys' fees and costs is denied.

## CONCLUSION

For the foregoing reasons, the motion to remand and for attorneys' fees [Doc. #14] is GRANTED as to the remand, and DENIED as to the request for attorneys' fees and costs. Defendant's motion to sever [doc. #15] is DENIED without prejudice. The clerk is instructed to remand this case to Connecticut superior court.

Dated this 2nd day of October, 2018, at Bridgeport, Connecticut.

/s/Warren W. Eginton
Warren W. Eginton
Senior U.S. District Judge